892 F.3d 1150
United States Court of Appeals, Eleventh Circuit.

David Wayne CASSADY, Plaintiff–Appellant,
v.
Steven HALL, Georgia Department of Administrative Services, Defendants–Appellees.

No. 18-10667
|
Non-Argument Calendar
|
(June 15, 2018)

**Synopsis**
**Background:** After Georgia state inmate was awarded $150,000 in compensatory damages and $50,000 in punitive damages in his § 1983 action against state corrections officer who had allegedly physically and sexually assaulted him, inmate sought garnishment against Georgia Department of Administrative Services (GDAS). The United States District Court for the Middle District of Georgia, No. 5:14-cv-00025-MTT-MSH, denied inmate's motion for garnishment. Inmate appealed.

**Holdings:** The Court of Appeals held that:

[1] inmate's motion for writ of garnishment was effectively suit against GDAS, and thus Eleventh Amendment immunity applied, and

[2] Georgia did not waive its Eleventh Amendment immunity with respect to federal actions seeking garnishment.

Affirmed.

**Procedural Posture(s):** On Appeal; Other.

West Headnotes (8)

[1]  **Federal Courts**  Questions of Law in General
The Court of Appeals reviews a district court's legal conclusions de novo.

[2]  **Federal Courts**  Suits Against States; Eleventh Amendment and Sovereign Immunity
**Federal Courts**  Abrogation by Congress
**Federal Courts**  Waiver by State; Consent
The Eleventh Amendment bars suits against states in federal court unless a state has waived its sovereign immunity or Congress has abrogated it. U.S. Const. Amend. 11.

17 Cases that cite this headnote

[3]  **Federal Courts**  Arms of the state in general
**Federal Courts**  Agencies, officers, and public employees
Eleventh Amendment sovereign immunity includes state agencies and other arms of the state. U.S. Const. Amend. 11.

15 Cases that cite this headnote

[4]  **Federal Courts**  Abrogation by Congress
With respect to congressional abrogation, a federal statute will not be read to abrogate a state's Eleventh Amendment sovereign immunity unless Congress has made its intention to do so unmistakably clear in the language of the statute. U.S. Const. Amend. 11.

15 Cases that cite this headnote

[5]  **Federal Courts**  Suits Against States; Eleventh Amendment and Sovereign Immunity
The Eleventh Amendment extends only to suits in law or equity. U.S. Const. Amend. 11.

[6]  **Federal Courts**  Suits Against States; Eleventh Amendment and Sovereign Immunity
In considering whether a proceeding is a "suit" for purposes of Eleventh Amendment immunity, the Court of Appeals is to look to the essential nature and effect of the proceeding. U.S. Const. Amend. 11.

1 Case that cites this headnote

[7]   **Federal Courts**  Suits Against States; Eleventh Amendment and Sovereign Immunity

After state inmate had obtained money damages from state corrections officer in his civil rights action, inmate's motion for writ of garnishment against state agency was effectively suit against agency, and thus Eleventh Amendment immunity applied; inmate sought order from federal court requiring the state to redirect money to him that it would have otherwise paid to officer in accordance with contract under state law to which inmate was not a party, and state was not party to inmate's suit against officer. U.S. Const. Amend. 11.

1 Case that cites this headnote

[8]   **Federal Courts**  By constitution or statute

Georgia did not waive its Eleventh Amendment immunity with respect to federal actions seeking garnishment of a state employee's wages under an indemnification agreement for the purposes of securing a third party's judgment; only Georgia statute authorizing garnishment applied to money due officials or employees "as salary for services performed," and statute made no mention of federal courts. U.S. Const. Amend. 11; Ga. Code Ann. § 18-4-26(a).

1 Case that cites this headnote

**Attorneys and Law Firms**

*1151  McNeill Stokes, McNeill Stokes, Attorney at Law, Marietta, Christopher B. McDaniel, Butler Wooten Cheeley & Peak, LLP, Columbus, for Plaintiff–Appellant.

Wesley Ennis Childs, Macon, for Defendant–Appellee Steven Hall.

Brooke Erin Heinz, Attorney General's Office, Atlanta, for Defendant–Appellee Georgia Department of Administrative Services.

Appeal from the United States District Court for the Middle District of Georgia, D.C. Docket No. 5:14-cv-00025-MTT-MSH

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

**Opinion**

PER CURIAM:

*1152  David Cassady appeals the District Court's denial of his motion for garnishment against the Georgia Department of Administrative Services ("GDAS"). We hold that garnishment actions are "suits" under the Eleventh Amendment, Georgia has not waived its immunity to the type of garnishment Mr. Cassady seeks, and Congress has not clearly abrogated the states' immunity to such garnishments. We accordingly affirm the District Court's denial of the motion.

I.

On January 21, 2014, Mr. Cassady, a Georgia inmate, brought suit against Mr. Hall, a state corrections officer, pursuant to 42 U.S.C. § 1983. Mr. Cassady alleged that in October 2010, Mr. Hall physically and sexually attacked him in the Georgia Diagnostic and Classification Prison, where Mr. Cassady was an inmate and Mr. Hall was a corrections officer. The case proceeded to trial, and a jury found in favor of Mr. Cassady. The jury awarded him $150,000 in compensatory damages and $50,000 in punitive damages. The District Court rendered judgment in accordance with the jury's verdict.

Thereafter, Mr. Cassady moved the District Court to issue a writ of garnishment ordering the State of Georgia to redirect to him the funds he argues are due to be paid to Mr. Hall under Georgia's General Liability Agreement ("GLA"), which he says gives state employees like Mr. Hall a right of indemnification for judgments arising out of the performance of their official duties. As statutory authority for the writ of garnishment, Mr. Cassady cited 28 U.S.C. § 3205 or, alternatively, Federal Rule of Civil Procedure 69.[1] Mr. Cassady argued that these federal sources authorize district courts to issue writs of garnishment. Moreover, Mr. Cassady averred, Georgia has, in its Constitution, waived sovereign immunity in contract actions against the State; thus, because the GLA is a contract between the State and its employees,

sovereign immunity is waived as to the garnishment of Mr. Hall's contractual entitlement to indemnification.

The District Court denied the motion on the ground that Georgia has not waived sovereign immunity with respect to garnishment actions, and, alternatively, that Mr. Hall's indemnification rights (if any) under the GLA do not constitute a "property interest" as that term is defined under § 3205. Mr. Cassady timely appealed.

II.

[1] [2] [3] [4] We review the District Court's legal conclusions *de novo*. E.g., Mitchell v. Farcass, 112 F.3d 1483, 1486 (11th Cir. 1997). The Eleventh Amendment of the United States Constitution bars suits against states in federal court unless a state has waived its sovereign immunity or Congress has abrogated it. *1153 Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (per curiam). This bar includes state agencies and other arms of the state.[2] Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 638–40 (11th Cir. 1992). With respect to congressional abrogation, a federal statute will not be read to abrogate a state's sovereign immunity unless Congress has made its intention to do so "unmistakably clear" in the language of the statute. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985).

[5] [6] As an initial matter, that Mr. Cassady sought garnishment in a document styled as a motion, rather than as a separate lawsuit naming the State of Georgia as a defendant, has no bearing on the sovereign immunity inquiry. The Eleventh Amendment extends only to "*suits* in law or equity." (Emphasis added). However, the Supreme Court has instructed us to eschew a formalistic reading of the term "suit" when considering whether the Eleventh Amendment protects its sovereign immunity. Instead, we are to look to "the essential nature and effect of the proceeding." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 277, 117 S.Ct. 2028, 2038, 138 L.Ed.2d 438 (1997) (quotation omitted). Long ago, Chief Justice Marshall elaborated on this inquiry. He remarked: "What is a suit? We understand it to be the prosecution, or pursuit, of some claim, demand, or request." Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 407, 5 L.Ed. 257 (1821).

[7] In the action below, Mr. Cassady sought an order from the District Court under the auspices of federal law requiring the State of Georgia to redirect money to him that it would otherwise pay to Mr. Hall, in accordance with a contract under Georgia law to which Mr. Cassady was not a party. And the District Court would do this although the State of Georgia was not a party to Mr. Cassady's suit against Mr. Hall. In form and function, the "essential nature and effect" of the motion was to coerce the State to alter the terms of its contract with Mr. Hall so that it paid money it owed him to Mr. Cassady instead. This is certainly "prosecution ... of some claim, demand, or request." Hence, the motion falls within the Eleventh Amendment's embrace.[3]

*1154 [8] Accordingly, Georgia is immune from such actions unless it has given federal courts permission to entertain garnishment actions against it. It has not done so. Under the Georgia Constitution, the State's sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. art. I, § II. There is no act that expressly waives Georgia's immunity to the type of garnishment Mr. Cassady seeks.[4] The only Georgia statute authorizing garnishment of State funds permits garnishments to recover "[m]oney due officials or employees of a municipal corporation or county of this state or of the state government, or any department or institution thereof, *as salary for services performed* for or on behalf of the municipal corporation or county of this state or the state, or any department or institution thereof." O.C.G.A. § 18-4-26(a) (emphasis added). This statute makes no mention of ordering garnishment of state funds paid to a state employee under an indemnification agreement for the purposes of securing a third party's judgment.

Further, the statute restricts jurisdiction over such actions to "a court located in the county in which the warrant is drawn on the treasury of the government or in which the check is issued for the salary due the official or employee of the state or its political subdivisions." *Id.* § 18-4-26(b). It says nothing about the federal courts; thus, even if the statute could be read to waive Georgia's sovereign immunity for such purposes, it does not indicate that it waives the State's immunity in federal court. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) (per curiam) ("Evidence that a state has waived sovereign immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court."). The same is true of Georgia's waiver of its sovereign immunity in contract actions: this Court has

already held that Georgia's decision to allow contract actions against it in state court did not extend its waiver of sovereign immunity to contract suits in federal court. *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012).

Nor has Congress clearly abrogated Georgia's immunity to garnishment actions. 28 U.S.C. § 3205, a provision in the Federal Debt Collection Procedures Act, authorizes only writs of garnishment sought *by the United States* to collect a judgment. *See* 28 U.S.C. § 3001(a)(1) (stating that the chapter including § 3205 "provides the exclusive civil procedures *for the United States* ... to recover a judgment on a debt" (emphasis added) ); *see also* § 3205(c)(3) (requiring the United States to serve the garnishee and the judgment debtor with a copy of the writ of garnishment in all garnishment applications brought under § 3205). The United States is not a party to Mr. Cassady's suit. Therefore, by the plain terms of the statutory scheme of which it is part, § 3205 has no applicability to the instant case. It thus **\*1155** cannot provide any basis for abrogation. Neither can Federal Rule of Civil Procedure 69. Rule 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a).

Here, no statute of the United States supplies authority for the District Court to order garnishment of indemnification funds paid by a state to its employees. Additionally, as discussed, Georgia law does not supply a "practice and procedure" that would afford the District Court a basis upon which to garnish the State as part of its writ of execution. And Rule 69 cannot provide a standalone basis for a writ of garnishment under such circumstances: the Rules Enabling Act expressly prohibits the Federal Rules of Civil Procedure from abridging, enlarging, or modifying any substantive rights. 28 U.S.C. § 2072. This, of course, includes a state's substantive rights vis-à-vis sovereign immunity. Therefore, the District Court lacked jurisdiction to grant Mr. Cassady's motion for garnishment. If he is entitled to a lien of garnishment, Mr. Cassady must file an action in a Georgia court. *See* O.C.G.A. § 18-4-26.

We accordingly affirm the District Court's denial of the motion for garnishment.

**AFFIRMED.**

**All Citations**

892 F.3d 1150, 27 Fla. L. Weekly Fed. C 980

---

**Footnotes**

1 In relevant part, § 3205 states:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

*Id.* § 3205(a). Federal Rule of Civil Procedure 69 states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a).

2   In his brief, Mr. Cassady does not argue that GDAS, a state agency, is not an arm of the State.

3   In Carpenters Pension Fund of Baltimore, Md. v. Md. Dep't of Health & Mental Hygiene, 721 F.3d 217 (4th Cir. 2013), the Fourth Circuit addressed the question of whether a motion for a writ of garnishment brought in federal court under Rule 69 (by way of Maryland "practice and procedure") to attach the property of a state to satisfy a debt was a "suit" under the Eleventh Amendment. The Court concluded that the motion fell within the Eleventh Amendment's definition of "suits in law or equity," and thus that the District Court lacked jurisdiction to issue the writ. Id. at 225–26.

   In reaching this conclusion, the Court noted that the motion was identical to an adversarial lawsuit against the State in both procedural and substantive aspects. Procedurally, the Court explained that a writ of garnishment "resembles a conventional 'suit' " in that it "commences upon the issuance of a writ, at which point the garnishee must file an answer admitting or denying indebtedness and asserting any applicable defenses" within the same timeframe as "with answering a complaint in a civil action." Id. at 223 (citations omitted). Further, a proposed "garnishee who fails to file an answer to the writ risks default judgment." Id. Moreover, the Court observed, "the underlying garnishment action satisfies the substantive criteria of a 'suit' because it demands recovery from the state treasury." Id. at 224. Thus, the Court remarked that it was "not surprising that Maryland courts have designated garnishment actions as separate cases, even though filed in the underlying action." Id. at 223 (quotation omitted).

   We agree with the Fourth Circuit's approach, and we find that the garnishment motion requested in the instant case fits these criteria as well. Like Maryland, Georgia treats a garnishment action "ancillary to the main action" as "a distinct suit against a separate party, and for an entirely new cause of action." Dent v. Dent, 118 Ga. 853, 45 S.E. 680, 680 (1903). And like in garnishment actions under Maryland law, Georgia would be required to respond to the application for a writ of garnishment or else default and be ordered to pay the funds to Mr. Cassady.

4   In the District Court, the parties disagreed as to whether Mr. Hall is entitled to indemnification under the GLA in the first place. Because we hold that the District Court lacked jurisdiction to issue the writ of garnishment, we state no view on this question of state law.

---

**End of Document**                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.                                      5